IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRY L. GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-1189-M |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION CONCERNING THE
PLAINTIFF'S MOTIONS FOR JUDGMENT ON THE
<u>PLEADINGS AND ENTRY OF A DEFAULT JUDGMENT</u>**

Plaintiff Terry Gibbs filed motions for judgment on the pleadings and entry of a default judgment against the Social Security Administration. The Court should deny these motions.

I.  MOTION FOR JUDGMENT ON THE PLEADINGS

Mr. Gibbs asks for judgment on the pleadings under Fed. R. Civ. P. 12(c). Notice of Motion for Judgment on the Pleadings at p. 1 (Mar. 1, 2006). This motion should be denied.

"Judgment on the pleadings should not be granted 'unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Park University Enterprises, Inc. v. American Casualty Co.*

*Of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006) (quoting *United States v. Any & All Radio Station Transmission Equipment*, 207 F.3d 458, 462 (8th Cir. 2000)).[1]

The undersigned is contemporaneously suggesting:

- remand of the Plaintiff's claim involving the partial denial of his social security benefits based on an incomplete record; and

- dismissal of Mr. Gibbs' claim concerning the calculation of supplemental security income.

Report and Recommendation, *passim* (May 31, 2006). The Plaintiff's right to relief cannot be determined until the proceedings resume after the remand. At this stage, the Court cannot either award benefits or preclude them, and judgment on the pleadings would be inappropriate.

II.   MOTION FOR ENTRY OF A DEFAULT JUDGMENT

The Plaintiff also requests a default judgment against the Commissioner. Notice of Motion for Judgment on the Pleadings at pp. 1-2 (Mar. 1, 2006). The Court should decline to take such action.

The Defendant does not deny its failure to timely respond to the amended complaint. But a default judgment should not be entered against a United States agency "unless the claimant establishes a claim or right to relief by evidence satisfactory to the court." Fed. R.

---

[1] "In this circuit, there is authority that any type of summary proceeding, whether it be by motion for judgment on the pleadings, motion for affirmance or reversal, or motion for summary judgment, is improper in a social security case." *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495, 1503 (10th Cir. 1992) (Kane, J., concurring). Nevertheless, the Court assumes *arguendo* that upon a proper showing, judgment on the pleadings may be available in judicial review over a social security determination.

Civ. P. 55(e). And, "[w]hen the government's default is due to a failure to plead, typically the court will either refuse to enter a default or will set aside the default." *Head v. Apfel*, 242 F.3d 388, 2000 WL 1786523, Westlaw op. at 1 (10th Cir. Dec. 6, 2000) (unpublished op.) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

      Mr. Gibbs has not established a right to relief based on the evidence, as:

- he has failed to identify the alleged errors committed by the administrative law judge,[2]

- the Court lacks a complete record,[3] and

- a default would be based only on the Commissioner's failure to plead.

In these circumstances, a default judgment would be inappropriate. *See id.*, 2000 WL 1786523, Westlaw op. at 2 (upholding the refusal to grant a default judgment against the Social Security Administration for a failure to timely respond to the complaint).

III.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

      The Court should deny the Plaintiff's motions for judgment on the pleadings and entry of a default judgment.

      Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is June 21, 2006. *See* W.D. Okla. LCvR72.1(a). The failure to file timely objections would result in waiver of the

---

[2]   *See* Complaint, *passim* (Oct. 11, 2005); Plaintiff['s] Amendment to His Complaint, *passim* (Dec. 28, 2005).

[3]   *See supra* p. 2.

right to appeal the suggested rulings. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

IV. STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 31st day of May, 2006.

_____
Robert E. Bacharach
United States Magistrate Judge