IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY L. GIBBS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner, Social Security )<br>Administration, )<br>)<br>Defendant. ) | Case No. CIV-05-1189-M |

## REPORT AND RECOMMENDATION

Plaintiff Terry Gibbs seeks:

- judicial review of a partial denial of disability insurance and supplemental security income ("SSI") by the Social Security Administration ("SSA"); and

- reversal of the SSA's denial of his "Plan for Achieving Self-Support" ("P.A.S.S.") and calculation of SSI payments.

The Defendant seeks:

- a "sentence six remand" on the partial denial of benefits based on the inability to locate an audiotape of the administrative hearing; and

- dismissal of Mr. Gibbs' challenge to the denial of the P.A.S.S., alleging a failure to exhaust administrative remedies.

The Court should grant both of the Defendant's requests.

I.      MOTION FOR REMAND

An administrative law judge held a hearing and found that the Plaintiff had become disabled on December 30, 2004, but not earlier. Response to Court Order Dated April 6, 2006, Exhibit E, *passim* (Apr. 25, 2006).

The Plaintiff seeks judicial review of the partial denial of benefits. But according to the Commissioner, one of the tapes of the administrative hearing cannot be located. Response in Opposition to Plaintiff's Motion for Default Judgment and Motion for Sentence Six Remand and Dismissal at p. 1 (Mar. 10, 2006). Thus, the Defendant seeks a remand for a *de novo* hearing. *See id.* at pp. 1-2. The Plaintiff objects on grounds that the Commissioner has not shown that the tape is necessary to review the issues. Combination of the Plaintiff['s] Reply and Motion to Strike Response in Opposition to Plaintiff['s] Motion for Default Judgment and Motion for Sentence Six Remand and Dismissal at pp. 3-5 (Mar. 20, 2006). The Plaintiff's objection is misguided.

The issue is whether the Defendant's inability to locate the tape constitutes "good cause" for a remand. *See* 42 U.S.C. § 405(g).[1] The legislative history behind the 1980 statutory amendments provides that the inability to locate a hearing tape is precisely the sort

---

[1] The Plaintiff argues that "sentence six" applies only when new evidence exists. Combination of the Plaintiff['s] Reply and Motion to Strike Response in Opposition to Plaintiff['s] Motion for Default Judgment and Motion for Sentence Six Remand and Dismissal at p. 1 (Mar. 20, 2006). The argument is based on a misreading of the sentence. It contains two parts, and the first unequivocally authorizes remand for "good cause" upon motion of the Commissioner prior to the filing of an answer. *See* 42 U.S.C. § 405(g).

of "good cause" contemplated by Congress, as the conference committee's joint explanatory statement provides:

> The conferees have been informed that there are sometimes procedural difficulties which prevent the Secretary from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered "good cause" for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review under 205(G) of the Act.

Social Security Disability Amendments of 1980, H.R. Conf. Rep. 96-944, 96th Cong., 2d Sess. 44, 59 (May 13, 1980); *see also Ferraro v. Secretary of the United States Department of Health and Human Services*, 770 F. Supp. 100, 102 (E.D. N.Y. 1991) (finding "good cause" for a remand over the claimant's objection, as "[t]his Court [was] unable to review the complete record of the administrative hearing because the Secretary [could not] locate the audiotape of the hearing, and therefore no transcript exist[ed]").

The Plaintiff responds by arguing:

- The Defendant's inability to locate the tape is suspicious; and

- the Defendant has not shown significance of the tape in light of the Plaintiff's "defaulted" allegations.

Combination of the Plaintiff['s] Reply and Motion to Strike Response in Opposition to Plaintiff['s] Motion for Default Judgment and Motion for Sentence Six Remand and Dismissal at pp. 2-4 (Mar. 20, 2006). Both arguments are invalid.

First, the Plaintiff's suspicions do little to counter the Defendant's unequivocal representations that the first tape of the hearing cannot be located.

Second, the Court cannot ascertain the significance of the missing audiotape because Mr. Gibbs has not identified any specific errors in the administrative decision.[2]  Even if he had, the Court could not know whether the audiotape impacts the alleged errors without review of the evidence.  For example, the administrative law judge relied in part on the vocational expert's testimony and admissions by Mr. Gibbs in the hearing.  Response to Court Order Dated April 6, 2006, Exhibit E at pp. 20-21 (Apr. 25, 2006).  None of this evidence is available, leaving the Court unable to assess the support for the administrative law judge's rationale.  In these circumstances, good cause exists for a remand.

## II.   MOTION FOR DISMISSAL

After the partial grant of SSI benefits, Mr. Gibbs filed a P.A.S.S.[3]  *See* Response to Court Order Dated April 6, 2006, Exhibit J (Apr. 25, 2006).  This application was denied initially, on reconsideration, and after an administrative hearing.  *See id.*, Exhibits N-P.  According to the Commissioner, Mr. Gibbs neither requested review by the Appeals Council nor sought permission for an expedited appeal.  Response in Opposition to Plaintiff's Motion

---

[2]   *See* Complaint, *passim* (Oct. 11, 2005); Plaintiff['s] Amendment to His Complaint, *passim* (Dec. 28, 2005).

[3]   Ordinarily, any income a claimant earns may reduce SSI payments.  *See Working While Disabled - A Guide to Plans for Achieving Self-Support*, SSA Publication No. 05-11017 (Feb. 2004).  With an approved P.A.S.S., the income can be used to pay for items necessary for self-support and will not be counted against SSI payments.  *See id.*  The denial of Mr. Gibbs' P.A.S.S. allegedly resulted in a reduction of his SSI payments.  *See* Plaintiff['s] Amendment to His Complaint at p. 2 (Dec. 28, 2005).

for Default Judgment and Motion for Sentence Six Remand and Dismissal at p. 2 (Mar. 10, 2006); *see also* Response to Court Order Dated April 6, 2006, at p. 2 (Apr. 25, 2006). Thus, the Defendant seeks dismissal of this claim for lack of administrative exhaustion. The Court should grant the Defendant's request.

The Court's jurisdiction over SSA decisions is based on 42 U.S.C. § 405(g). *See Bartlett v. Schweiker*, 719 F.2d 1059, 1060 (10th Cir. 1983). Under the statute, the Court may only review the Commissioner's "final decision." 42 U.S.C. § 405(g). "To obtain a final decision . . . a claimant is required to exhaust his administrative remedies by proceeding through all three stages of the administrative appeals process." *Bowen v. City*, 476 U.S. 467, 482 (1986).[4]

The SSA provides a three-step administrative review process. To exhaust the process, a claimant must seek:

- reconsideration of the initial determination;

---

[4] The Plaintiff points out that in *Sims v. Apfel*, 530 U.S. 103 (2000), the Supreme Court declined to require "issue exhaustion." Combination of the Plaintiff['s] Reply and Motion to Strike Response in Opposition to Plaintiff['s] Motion for Default Judgment and Motion for Sentence Six Remand and Dismissal at pp. 5-6 (Mar. 20, 2006). But the present action does not involve "issue exhaustion," as the Plaintiff failed to request review from the Appeals Council over the treatment of his P.A.S.S. Indeed, in *Sims v. Apfel*, the Supreme Court cited *Bowen v. City* approvingly and explained:

> If a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases. In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies.

*Sims v. Apfel*, 530 U.S. at 107 (citations omitted).

- an administrative hearing; and

- review by the Appeals Council.

*See* 20 C.F.R. § 416.1400(a).[5]  The Plaintiff failed to seek review by the Appeals Council over the denial of his P.A.S.S., leaving the claim unexhausted.

In limited circumstances, a claimant can avoid the administrative review process and proceed through an "expedited appeals process."[6]  20 C.F.R. § 416.1423.  But to do so, the claimant must submit a written request.  *See* 20 C.F.R. § 416.1424(c).  If the SSA agrees to an expedited appeal, all parties must sign an agreement and the document constitutes a "final decision" for purposes of judicial review.  20 C.F.R. § 416.1426.

Mr. Gibbs does not allege resort to the Appeals Council before the filing of the amended complaint.[7]  In fact, Mr. Gibbs stated that if the Court were to grant his motion to amend his complaint, "the Plaintiff [would] notify the office of the Appeals Council of the Plaintiff['s] intention to waive further review."  Plaintiff['s] Amendment to His Complaint

---

[5]  Decisions concerning the amount of a claimant's SSI payments are included in the determinations "subject to administrative and judicial review."  20 C.F.R. § 416.1402.

[6]  A claimant can also be excused from exhaustion if: (1) it would be futile, (2) irreparable harm would result, and (3) a colorable constitutional claim is raised that is collateral to the substantive claim of entitlement.  *See Koerpel v. Heckler*, 797 F.2d 858, 862 (10th Cir. 1986) (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)).  Mr. Gibbs' pleadings do not allege satisfaction of these requirements even under a liberal interpretation.

[7]  *See* Plaintiff['s] Amendment to His Complaint, *passim* (Dec. 28, 2005); Combination of the Plaintiff['s] Reply and Motion to Strike Response in Opposition to Plaintiff['s] Motion for Default Judgment and Motion for Sentence Six Remand and Dismissal, *passim* (Mar. 20, 2006); Notice of the Plaintiff['s] Reply Response to the Courts Order Dated April 6th, 2006 and Supplement to the Material Submitted by the Defendant, *passim* (May 4, 2006).

at p. 3 (Dec. 28, 2005). While the Plaintiff claims entitlement to an expedited appeals process,[8] he does not allege a written request or execution of an agreement to use that process.[9] Consequently, the Court lacks jurisdiction to consider the merits of the Plaintiff's claim until completion of administrative proceedings and entry of a "final decision." *See supra* pp. 5-6. The prematurity of the claim requires dismissal without prejudice.

III.     RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should grant the Defendant's motion to remand the Plaintiff's claim concerning a partial denial of benefits. Mr. Gibbs' claim concerning the denial of his P.A.S.S. should be dismissed without prejudice.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is June 21, 2006. *See* W.D. Okla. LCvR 72.1(a). The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised

---

[8]     Combination of the Plaintiff['s] Reply and Motion to Strike Response in Opposition to Plaintiff['s] Motion for Default Judgment and Motion for Sentence Six Remand and Dismissal at p. 5 (Mar. 20, 2006).

[9]     *See* Plaintiff['s] Amendment to His Complaint, *passim* (Dec. 28, 2005); Combination of the Plaintiff['s] Reply and Motion to Strike Response in Opposition to Plaintiff['s] Motion for Default Judgment and Motion for Sentence Six Remand and Dismissal, *passim* (Mar. 20, 2006); Notice of the Plaintiff['s] Reply Response to the Courts Order Dated April 6th, 2006 and Supplement to the Material Submitted by the Defendant, *passim* (May 4, 2006).

for the first time in objections to the magistrate judge's recommendation are deemed waived.").

IV.    STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 31st day of May, 2006.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge