IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| TERRY L. GIBBS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-05-1189-M |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED REPORT AND RECOMMENDATION ON THE
PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

In Document 117, Mr. Gibbs moves for judgment as a matter of law on the amended complaint. Motion for Judgment as a Matter of Law Federal Rule of Civil Procedure 50(a)(1) (Oct. 27, 2010) ("Plaintiff's Motion"). The motion should be denied.[1]

In Paragraphs 2, 3, and 6, the Plaintiff challenges the Defendant's motion for an extension of time to file a supplemental transcript and the Court's order which had granted the motion. Previously, Mr. Gibbs moved to set aside the order. Doc. 115. The Plaintiff's arguments in Paragraphs 2, 3 and 6 reiterate the challenge originally raised in Doc. 115. As a result, these arguments should be construed as a supplement to his previous brief. But Mr.

---

[1] For his motion, the Plaintiff invokes Federal Rule of Civil Procedure 50(a)(1). Plaintiff's Motion at p. 1. This rule applies in a jury case following the parties' submission of the evidence. That rule is not applicable here. *See* Fed. R. Civ. P. 50.

Gibbs has not sought leave of court to file a supplemental brief, as required by Local Rule 7.1(i).

In Paragraphs 4 and 7, the Plaintiff questions the Defendant's ability to file a supplemental transcript and, if so, the resulting effect. Again, the arguments concern matters not properly before the Court.

In Paragraphs 5 and 9, Mr. Gibbs argues that an administrative decision on January 17, 1996 "shifted" the Court's standard of review over the administrative decision under an "arbitrary and capricious" standard.[2] The 1996 decision is not part of the administrative record and would not affect Mr. Gibbs' entitlement to judgment on a subsequent administrative decision covering a distinct period of time. Thus, the Court should decline to entertain the arguments in Paragraphs 2, 3, and 6.

For the foregoing reasons, the Court should deny the Plaintiff's motion for judgment as a matter of law.

Any party may file written objections with the Clerk of the United States District Court, Western District of Oklahoma.[3] The deadline for objections is March 14, 2011.[4] The

---

[2] The district court's standard of review is not to determine whether the administrative law judge had acted "arbitrarily or capriciously." Instead, the Court must determine whether the Social Security Administration's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

[3] *See* 28 U.S.C. § 636(b)(1) (2009 supp.).

[4] *See* Fed. R. Civ. P. 6(d), 72(b)(2).

failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[5]

The referral is not discharged.

Entered this 25th day of February, 2011.

Robert E. Bacharach
United States Magistrate Judge

---

[5] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").