# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRY L. GIBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-1189-M |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff's "Motion for Reconsideration of Document Number 151 and Document Number 152, Federal Rule of Civil Procedure, Rule 59" [docket no. 158], filed March 25, 2011.

In this action for judicial review of the final decision of the Commissioner of the Social Security Administration denying plaintiff's application for disability insurance benefits under the Social Security Act, the Commissioner filed his Motion for Entry of a Judgment Reversing and Remanding for Further Administrative Proceedings. After plaintiff filed his response to the Commissioner's Motion for Entry of Judgment, this Court issued an Order and Judgment on March 21, 2011 reversing and remanding the matter for further administrative proceedings.

Because no Report and Recommendation was issued before this Court adjudicated the underlying motion, plaintiff now moves the Court to reconsider its determination on the basis he "did not get the chance to object to the expected United States Magistrate Judge[']s report and recommendation due for the dependent motion at document no# 146 also, per the district court judge[']s order document no# 149 which has effectuated the United States Magistrate Judge[']s order dated October 5th, 2010." Motion at 1.

"Grounds warranting a motion to [reverse judgments] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Having reviewed plaintiff's submissions, the Court finds no grounds which warrant reconsideration in the case at bar. First, the Court finds that plaintiff has not asserted that a change occurred in the controlling law. Second, the Court finds that plaintiff has not submitted new evidence which was previously unavailable. Third, the Court finds no need to correct clear error or manifest injustice based upon the assertions presented.

The mere fact that the Court did not avail itself of the procedural means of a Report and Recommendation offered by a Magistrate Judge does not portend that plaintiff did not have an opportunity to object. Plaintiff, in fact, filed his response objecting to the Commissioner's motion for entry of judgment. A motion for reconsideration is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F.Supp. 1482 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). Plaintiff, therefore, is not entitled to a second bite at the apple solely based on a ruling he views as unfavorable.

Because the Court did not misapprehend the facts, either party's position, the controlling law, or further a manifest injustice, the Court DENIES the instant motion.

**IT IS SO ORDERED this 29th day of March, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE